## Horace H. Thomas and W. Beach Taylor v. Gregory T. Van Meter, Receiver of Eli G. Runals and George F. Harding, Executor of Abner C. Harding.

1. Fraudulent Transactions—*As to Intervening Creditors.*— An assignment, by a beneficiary, of a money decree, made without consideration and for the purpose of defeating an intervening creditor, the filing of the same in the suit without leave of court, procuring an order of sale without notice to parties interested, and a sale by the master without consideration paid, *held,* fraudulent and void as against such creditor.

2. Trustee—*When Holding the Legal Title Only.*—A person to whom a decree is assigned as collateral security, and who, after the payment of his debt, fails to re-assign, holds the legal title of the decree as a mere naked trustee.

Bill to Enforce the Collection of a Decree.—Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

Alexander S. Bradley, attorney for appellants.

U. P. Smith, attorney for appellees.

Mr. Justice Shepard delivered the opinion of the Court.

This is an appeal from a decree entered in a suit brought by the appellees against the appellants for the purpose of enforcing the collection of a certain other decree obtained in the Circuit Court on December 22, 1875, in favor of George F. Harding, as executor of Abner C. Harding, deceased, against Eli G. Runals.

By the decree in this case it was found that there was

due and owing to said Harding the sum of $65,304.56, and costs, and from the amount of the sale that was decreed to be made, it was ordered that $10,014 be paid to Harding; this sum being the amount found by the decree to be due for principal and interest under a certain decree for $4,680, rendered in the suit of Eli G. Runals against Isaac Simmons, in March, 1876.

The facts concerning that decree, in the said suit of Runals v. Simmons, are quite fully stated in the opinion of the Supreme Court, speaking by Mr. Justice Magruder, in Van Meter v. Thomas, 153 Ill. 65.

The decree found, substantially as charged in the bill, that Eli G. Runals, Harding's judgment debtor, obtained, in 1876, a decree of foreclosure in his said suit against Simmons for $4,680, and that upon affidavits filed in that suit, $4,592.28 of said sum was to be paid to one Sandheimer, and the balance to Runals; that the receiver appointed under a creditor's bill filed by Abner C. Harding against said Runals in 1874, to enforce collection of the same indebtedness upon which the present bill is based, appeared by petition in said suit, and on March 18, 1876, obtained a modification of said decree to the extent of vacating so much thereof as directed the payment of any part thereof to Sandheimer, and reserving for a future order the question as to whom it should be paid; that afterward, and on April 3, 1878, Sandheimer and Runals, by their separate assignments, assigned said decree to Daniel Head, and that he, together with Runals, some ten years later, assigned the same to the appellant, W. Beach Taylor; that said several assignments were filed in said cause on March 23, 1888, by the attorneys of said Taylor, including the appellant Thomas, without leave of court or notice to anybody interested in said suit, and on March 24, 1888, without notice to anybody, an order of sale of the premises was procured to be made to satisfy the decree; that sale was made, and the premises sold to appellant Thomas, who afterward obtained a master's deed to the premises; that the assignments by Runals and Sandheimer to Head were made for the sole purpose of being

held as collateral security for a loan of $1,000, made by one Franklin H. Head to Runals, and that Runals with said $1,000, and certain lands then deeded to Sandheimer, settled and paid the claim of Sandheimer against Runals, in full, and that Runals, within a year thereafter, repaid to F. H. Head the said $1,000, and thereupon became the owner of said decree, subject only to the claims of Harding and the receiver in his said suit; that Daniel Head held said assignments as a mere naked trustee; that the assignment of said decree by Daniel Head to Taylor was made without any consideration paid to him, or anybody else, for the same, by Taylor, or anybody else, and was made for the sole purpose of passing the naked legal title he held, and upon the request of Runals; that Taylor gave no consideration to Runals or Head or anybody else for said assignment from Head, and that such assignment was made solely for the benefit of Runals and as a cover for him, and to prevent Harding from collecting his said decree; that appellant Thomas paid no consideration at the master's sale of said premises, and that he had full notice that said several assignments of said decree were made without consideration, and were fraudulent as against Harding; that no valid sale has ever been made under said decree, and that Harding is entitled to have applied toward his claim any and all money that may be realized from a sale of the premises covered by said decree, to the extent of the claim of Runals as mortgagee thereof; and that a sale of said premises be made under said foreclosure decree, and the proceeds be applied accordingly.

Without detailing the evidence, it does, we think, fairly establish every material finding of the decree, unless it be the one that Taylor gave no consideration to Runals or Head, or anybody else, for the assignment of the decree that was made to him by Daniel Head.

The only positive evidence in the record as to what consideration, if any, was paid for that assignment is found in the unsatisfactory testimony of Rodney M. Whipple, who was one of the parties defendant to the bill, and testified in behalf of the appellants.

In response to a question put to him on direct examination, he testified that a note for $2,500, made by Elisha Gray and secured by telautograph stock, was paid to Head for the assignment that he made to Taylor, and that he knew it of his own knowledge. On cross-examination he testified that he did not know anything about it, except that the note passed through Mr. Runals.

It was positively proved by Daniel Head that neither the note, nor anything else, was paid to him for the assignment. It is clear that Head did not receive anything for the assignment, but it is not so certain that Runals did not, although the inference is not unreasonable that Whipple in some way may have received the $2,500 note himself for the part, whatever it was, that he took in the transaction. He swore positively that the note was paid at maturity, a fact which, if true, has a tendency to prove that he was the holder of the note when it was paid.

Who furnished the $2,500 note does not at all appear. There is no evidence that Taylor furnished that, or any other consideration. Taking into account all the evidence, there is much to sustain the conclusion that the transaction, involving the assignment from Head to Taylor, was purely voluntary and for the benefit of Runals alone.

We will not, therefore, disturb the decree on account of the finding in that regard.

And we can not say, from a consideration of all the evidence, that the decree, finding that the assignment of the Runals-Simmons decree to Taylor and the subsequent sale thereunder to Thomas were all had and done with full notice on the part of all concerned of the equitable lien of the appellees, and giving relief accordingly, was not justified both under the law and the evidence.

The decree will therefore be affirmed.